**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3595-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOSEPH D. KEARNEY,

    Defendant-Appellant.

_____

Submitted May 5, 2025 – Decided June 5, 2025

Before Judges Sabatino and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 16-10-1645.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the briefs).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Hudson E. Knight, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

1                 A-3595-22

Defendant Joseph Kearney appeals the trial court's April 25, 2025 order denying his petition for postconviction relief ("PCR") without an evidentiary hearing. We affirm, as we concur with the trial court that there is no merit to his contentions.

Tried by a jury with two codefendants, defendant was convicted of murdering a victim who was stabbed at a house in Perth Amboy on August 18, 2013. In addition, the jury found defendant guilty of conspiracy to commit aggravated assault, and hindering the prosecution by giving investigating police a false alibi. The jury also found defendant's cousin, codefendant Dana Kearney, guilty of murder and other offenses, and codefendant Shane Timmons guilty of hindering the prosecution.

The fatal stabbing occurred following an argument and physical altercation between the victim and the three codefendants. According to the State's theory of the case, defendant held the victim while his cousin Dana stabbed the victim three times, leading to his death. Defendant did not testify at trial, however, two character witnesses testified at trial attesting to defendant's reputation for nonviolence.

The court sentenced defendant to a thirty-year prison term for the murder, with a five-year concurrent term for the hindering offense. Dana Kearney,

2

meanwhile, received a more severe custodial sentence of fifty years. Timmons received a sentence of seven years. All three defendants filed a direct appeal, and their three appeals were considered together.

On January 7, 2020, we issued a lengthy consolidated opinion in the appeals, affirming the convictions and sentences of all three defendants. State v. Timmons, et al., Nos. A-2567-17, A-2843-27, A-4138-17 (App. Div. January 7, 2020). The Supreme Court denied this defendant's petition for certification in November 2020, State v. Joseph Kearney, 244 N.J. 349 (2020), as well as petitions by the codefendants. State v. Timmons, 244 N.J. 348 (2020); State v. Dana Kearney, 244 N.J. 349 (2020).[1]

Defendant was represented by private counsel at trial. His PCR petition contends his counsel was constitutionally ineffective. His main contention is that his counsel had a conflict of interest because that attorney was no longer being paid by the time of trial and the court had denied the attorney's pretrial

---

[1] Dana Kearney filed a PCR application on various grounds, which the trial court rejected. We affirmed the court's denial of his PCR application in a published opinion. State v. Dana Kearney, 479 N.J. Super. 539 (App. Div. 2024). The Supreme Court thereafter granted certification in Dana Kearney's PCR appeal, limited to the discrete issue of the propriety of the payment of Dana's legal fees by his coparent who ultimately testified as a witness for the State. State v. Kearney, 260 N.J. 327 (2025). That legal issue concerning Dana Kearney's representation is not germane to the appeal by Joseph Kearney now before us.

motion to be relieved.  Defendant further argues his counsel was ineffective in allegedly not advising him sufficiently concerning the State's plea offer, and in not advocating for sufficient measures to have the court investigate several jurors who appeared to have been sleeping.  Defendant also made other claims and argued cumulative error.

The PCR judge, who had not presided over the 2020 trial, rejected defendant's claims in a seventeen-page written opinion.  The judge discerned no reason to conduct an evidentiary hearing.

Defendant appeals the PCR denial, raising the following points:

POINT I

AS DEFENDANT HAD SHOWN THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL AND THAT HE HAD BEEN PREJUDICED THEREBY, THE PCR COURT ERRED BY DENYING HIS PCR PETITION WITHOUT AN EVIDENTIARY HEARING.

(1)     As trial counsel had a clear conflict of interest, defendant did not receive effective assistance of counsel.

(2)     Trial counsel failed to adequately advise defendant as to whether to accept a plea offer.

(3)     Trial counsel was ineffective by failing to seek a remedy after jurors were found sleeping during trial.

(4)     Trial counsel's cumulative errors denied

4

defendant effective legal representation.

POINT II

AS THERE WERE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE, THE PCR COURT ERRED BY DENYING DEFENDANT'S PCR PETITION WITHOUT AN EVIDENTIARY HEARING.

Having considered these arguments in light of the record and the applicable law, we affirm the PCR court's denial of relief. We do so substantially for the sound reasons set forth in Judge Colleen M. Flynn's written opinion. We add only a few comments.

In evaluating defendant's claims of ineffective assistance of his trial counsel, the PCR court correctly applied well-settled Sixth Amendment principles under Strickland v. Washington, 466 U.S. 668, 690 (1984). To establish a constitutional deprivation, a convicted defendant must demonstrate that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. Id. at 687; see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

In assessing such claims of ineffectiveness, courts apply a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."

A-3595-22

Strickland, 466 U.S. at 690. The PCR court soundly concluded that defendant failed to overcome this presumption of effective assistance. We briefly address the issues, seriatim.

First, the PCR court sensibly rejected defendant's claim his trial counsel had an untenable financial conflict of interest that constrained his advocacy. The attorney entered his appearance in the case in January 2017. After handling the case for about four months, the attorney moved to be relieved in May 2017, asserting he had been retained solely for pretrial matters. The trial court denied the motion, and the case proceeded to a nineteen-day jury trial.

As Judge Flynn found, the record shows that defendant's counsel was a vigorous advocate. Despite not being paid, counsel filed motions to dismiss the indictment and to bar the State's DNA and fingerprint experts' testimony. He capably cross-examined witnesses for the State, presented character witnesses on his client's behalf, and delivered a forceful summation. Although the jury convicted defendant and the codefendants, the State's strong proofs of guilt do not appear to have been realistically surmountable.

As a matter of policy, if we were to find a conflict of interest in this situation just because a private criminal defense lawyer was not being paid anymore on the verge of trial, such a holding would have disruptive systemic

A-3595-22

consequences. Last-minute trial adjournments would proliferate, as new counsel would need to be secured and allowed sufficient time to prepare for trial. Private criminal defense lawyers inherently assume this sort of financial risk. There was no "deficient performance" nor any "actual prejudice" proven here. Indeed, to the credit of trial counsel, he continued to perform his professional obligations zealously despite not being paid.

The next issue of alleged ineffectiveness, which concerns the plea negotiations, is likewise belied by the record. Before trial, the State offered defendant a plea to a hindering charge if he agreed to cooperate against his cousin, or at least provide the State a truthful factual account of the incident. Defendant steadfastly refused to cooperate. On appeal, defendant argues he should have been offered protection measures, such as relocation or witness protection, in exchange for his cooperation. However, under these circumstances, defendant would have been ineligible for protection programs even if he had testified pursuant to the plea offer, and thus this argument lacks merit.

The plea offer and defendant's rejection of it was placed on the record in court several times before trial. In addition, the detailed handwritten notes of defendant's counsel contained in the State's appendix substantiate that counsel

7

met with defendant multiple times and discussed with him the plea offer and the charges. Again, there is no evidence of deficient performance, nor resulting prejudice.

Third, the PCR judge reasonably rejected defendant's claim that his attorney should have urged the trial judge to investigate alleged instances of jurors who appeared to be sleeping during the trial. On this issue, Judge Flynn incorporated by reference her reasons for rejecting a similar claim made by Dana Kearney in his own PCR petition. There was no proof of any likely prejudice to defendants. The alleged instances cited about jurors nodding off occurred during the direct examination—not the cross examination—of prosecution witnesses. In a long trial such as this one with nineteen witnesses, it is conceivable that some jurors may have closed their eyes on occasion, but that does not mean they were not listening to the testimony. It is speculative to infer that defendant was actually prejudiced.

We discern no cumulative error during the trial resulting from any alleged ineffectiveness. State v. Vallejo, 198 N.J. 122, 134, 137 (2009) (reciting the principles of cumulative error). In addition, there was no need for the PCR judge to hold an evidentiary hearing because defendant failed to set forth a prima facie case of deprivation. State v. Preciose, 129 N.J. 451, 463 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3595-22